**FILED**
**Apr 08, 2019**
**09:16 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **DONELL JOYNER,** | ) | **Docket No.: 2018-08-0754** |
| **Employee,** | ) | |
| **v.** | ) | |
| **LEHMAN ROBERTS CO.,** | ) | **State File No.: 59334-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRUMBULL INSURANCE CO.,** | ) | **Judge Deana Seymour** |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## DENYING REQUESTED MEDICAL BENEFITS

Danny Joyner requested additional medical benefits for a neck and right shoulder injury. Lehman Roberts Company insisted it paid all medical benefits to which Mr. Joyner is entitled. The Court considered the issue of additional medical benefits at an Expedited Hearing on April 3, 2019, and holds Mr. Joyner is not entitled to them at this time.

## History of Claim

Mr. Joyner injured his neck and right shoulder when he overturned an asphalt roller on July 27, 2017. Lehman accepted his claim as compensable and sent him to an urgent care clinic.[1] Later, Mr. Joyner chose Dr. Mark Harriman from a panel of physicians for authorized orthopedic treatment.

Dr. Harriman ordered cervical and right shoulder MRIs, which revealed chronic degenerative changes. After comparing Mr. Joyner's current cervical MRI to his 2004 MRI, Dr. Harriman diagnosed a chronic central disk herniation at C4-5 and cervical

---

[1] The parties did not provide those records.

spondylosis.[2] He also diagnosed tendonitis and shoulder impingement. Dr. Harriman treated Mr. Joyner with physical therapy and placed him at maximum medical improvement on December 7 with no permanent impairment.

Mr. Joyner returned to Dr. Harriman complaining of neck and right shoulder pain on February 22, 2018. Dr. Harriman examined Mr. Joyner and returned him to full duty. He again concluded that Mr. Joyner retained no permanent impairment from the work incident.

Four months later, Mr. Joyner filed a Petition for Benefit Determination and asked for an appointment with Dr. Harriman, but Dr. Harriman refused to see him. Lehman agreed to provide Mr. Joyner with another panel selection, and he selected Dr. Christopher Ferguson.

Dr. Ferguson reviewed Mr. Joyner's medical history and performed a physical examination.[3] He agreed with Dr. Harriman that Mr. Joyner could work full duty and had no permanent impairment. Dr. Ferguson concluded that Mr. Joyner's neck and shoulder conditions were chronic and "clearly not related to the work event of July 27, 2017." He suggested Mr. Joyner consult a neurosurgeon for non-work-related neck pain.

Lehman sent a letter to Dr. Ferguson to clarify whether his neurosurgical suggestion primarily related to Mr. Joyner's work injury. Dr. Ferguson responded that it did not, so Lehman denied the treatment. Mr. Joyner pursued a consultation with a neurosurgeon, Dr. Thirukandeeswaram Swaminathan, on his own.

Dr. Swaminathan examined Mr. Joyner for neck and right shoulder pain on January 18, 2019. Mr. Joyner also reported numbness in his right little and ring fingers. He told Dr. Swaminathan that he had a right rotator cuff tear. Dr. Swaminathan reviewed the 2017 cervical MRI, which showed a disc bulge at C4-C5 but no other abnormalities. He noted "pain restriction of right shoulder movements." Dr. Swaminathan ordered a nerve study to investigate Mr. Joyner's complaints of pain down his arm and numbness in his fingers. Dr. Swaminathan explained to him on February 2 that the nerve study revealed mild bilateral carpal tunnel syndrome. Otherwise, the study was normal. He suggested Mr. Joyner see an orthopedist for his right shoulder and ordered physical therapy. Dr. Swaminathan did not offer a causation opinion.

Mr. Joyner filed a second Petition for Benefit Determination, requested this Expedited Hearing, and introduced Dr. Swaminathan's records to support his claim. He

---

[2] Mr. Joyner testified he injured his neck in 2004, had an MRI, and healed shortly afterward. Neither party presented records regarding the 2004 injury.

[3] Dr. Ferguson stated that he did not provide treatment or treatment advice; rather he performed an independent medical evaluation.

insisted that his work injury caused his neck and right shoulder symptoms that began the day of the injury.

Lehman countered that Mr. Joyner's neck problem began in 2004. Further, medical records and opinions of Dr. Harriman and Dr. Ferguson did not relate Mr. Joyner's neck and shoulder symptoms to his work injury. Both suggested an evaluation for his non-work-related neck condition. Dr. Harriman found Mr. Joyner's neck and right shoulder conditions "chronic," and Dr. Ferguson concluded Mr. Joyner's condition was "clearly not related to" his work injury. Lehman insisted these authorized physicians are presumed correct and that Mr. Joyner failed to demonstrate the work injury required the requested treatment.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Joyner must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). The central legal issue is whether Mr. Joyner presented sufficient evidence to show his work injury required the requested treatment. The Court finds that he did not.

An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2018). Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *13 (Tenn. Workers' Comp. Panel Aug. 3, 2017).

The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians under section 50-6-204(a)(3) shall be presumed correct on the issue of causation, but this presumption shall be rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E). Also, "a trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9-10 (May 26, 2017) (internal citations omitted).

The Court recognizes that Mr. Joyner disputes Drs. Harriman's and Ferguson's conclusions. However, Mr. Joyner's disagreement with the physicians' opinions, while genuine, is legally insufficient to refute their opinions. Concerning the employee's burden to produce medical proof, our Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment

when the case is not "obvious, simple [or] routine." While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

*Berdnik v. Fairfield Glade Cmty. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017).

Here, the authorized treating physician, Dr. Harriman, found Mr. Joyner's neck and shoulder conditions chronic. His opinion is presumed correct. Likewise, Dr. Ferguson, selected from a panel, agreed with Dr. Harriman and added that Mr. Joyner's condition was "clearly not related to" his work injury. Dr. Swaminathan did not overcome Dr. Harriman's opinion that the conditions were chronic, which Dr. Ferguson supported. In addition, Dr. Swaminathan did not address causation.

For these reasons, the Court holds Mr. Joyner did not come forward with sufficient medical evidence from which the Court may conclude he is likely to prevail at a hearing on the merits in establishing his work injury required the requested treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Joyner's claim against Lehman for the requested medical benefits at this time.

2. Dr. Christopher Ferguson shall be the authorized treating physician under Tennessee Code Annotated section 50-6-204 for reasonable and necessary medical treatment related to Mr. Joyner's July 27, 2017 injury.

3. This matter is set for a telephonic Scheduling Hearing on **May 20, 2019, at 1:00 p.m. Central Time.** You must call toll-free at **866-943-0014** to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED April 8, 2019**.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

4

## APPENDIX

**Technical record:**

TR1.  Petition for Benefit Determination
TR2.  Dispute Certification Notice
TR3.  Request for Expedited Hearing, along with Affidavit of Donell Joyner
TR4.  Employer's Position Statement for Expedited Hearing

**Exhibits:**

1.  First Report of Work Injury
2.  Employee's Choice of Physician Form
3.  Supervisor's Accident Investigation report
4.  Medical Records from Memphis Orthopaedic Group
5.  Medical Records from Dr. Thirukandeeswaram Swaminathan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 8, 2019.

| Name | Certified Mail | USPS | Via Email | Service sent to: |
|------|------|------|------|------|
| Donell Joyner, Self-Represented Employee | X | X | | 1534 East Alcy Road Memphis, TN 38114 |
| Gary Nichols Employer's Attorney | | | X | gary.nichols@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**